UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Emilio Bautista-Serrano, # 30336-280, | ) | |
| | ) | |
| Petitioner, | ) | C/A No. 6:11-1351-RBH-KFM |
| vs. | ) | |
| | ) | **Report and Recommendation** |
| Mary Mitchell, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, Emilio Bautista-Serrano ("Petitioner"), is a federal prisoner, incarcerated in FCI Edgefield in Edgefield, South Carolina, proceeding *pro se*, seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) (D.S.C.), this matter is before the assigned United States Magistrate Judge for initial screening. Having reviewed the Petition and applicable law, the undersigned recommends that the Petition be summarily dismissed.

### *Pro Se* Habeas Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting

*Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)).  Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing *Rice v. Olson*, 324 U.S. 786, 791–92 (1945); *Holiday v. Johnston*, 313 U.S. 342, 350 (1941)).

When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true.  *Hughes*, 449 U.S. at 10 (citing *Cruz v. Beto*, 405 U.S. 319, 322 (1972)).  However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).  Furthermore, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts;  *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct

the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  Even under this less stringent standard, it plainly appears from the instant Petition that this Court lacks jurisdiction to hear the Petition.  Accordingly, the Petition submitted in this case should be summarily dismissed.

## Background

On August 6, 2009, in the United States District Court for the Western District of Texas, Petitioner pled guilty to conspiracy to possess with intent to distribute cocaine and was sentenced, on October 16, 2009, to 120 months imprisonment followed by five years of supervised release.  ECF No. 1, p. 3; *see also* Judgment, *United States v. Bautista-Serrano*, 5:09-cr-370-FB (W.D. Tex. October 27, 2009) ECF No. 84.  Petitioner did not file a direct appeal in his criminal case until April 11, 2011, when he filed a "notice of appeal," which the sentencing court construed as a motion to file an out-of-time appeal pursuant to Fed. R. App. P. 4(a)(5) or a motion to extend the time to appeal pursuant to Fed. R. App. P. 4(a)(6).  The court denied the motion on May 4, 2011.  *See* Order, *United States v. Bautista-Serrano*, 5:09-cr-370-FB (W.D. Tex. October 27, 2009) ECF No. 89.[1]  Petitioner alleges that he "is time[d] barred by 2255, which is why he files this motion for constitution[al] violations."  ECF No. 1, p. 1.  Petitioner alleges that he did not file a § 2255 motion because he "is not and was not knowledged [sic] of the law and did not know how

---

[1] The Court takes judicial notice of Petitioner's criminal proceeding.  *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'")

to file or what to file, also, [he] wasn't money [sic] able to obtain copys [sic] of his records to show this violation." ECF No. 1, p. 2.

In the instant § 2241 petition, Petitioner alleges that his rights were violated due to the ineffective assistance of his counsel and that he was sentenced illegally based on four grounds: (1) "the court abused its discretion, by appl[y]ing the enhancement to his sentence with out show cause [sic]"; (2) "illegal sentence," *i.e.* "his attorney was ineffective"; (3) "constitutional violation," *i.e.* violation of Petitioner's Sixth and Eighth Amendment rights and violation of "due process . . . because of the failure of counsel"; (4) "ineffective counsel," *i.e.* Petitioner "was told by his counsel to agree with the court and say yes that he was guilty . . . which was in fact not correct, but [he] was informed [that] if he did not agree with the courts [sic], he would go to prison for life." ECG No. 1, p. 5 - 7. Petitioner prays that this Court "rejust [sic] [his] sentence to what it would have been with out [sic] the enhancement, before the courts imposed sentence, and by the guidelines [sic]." ECF No. 1, p. 9.

## Discussion

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). Further, a motion pursuant to 28 U.S.C. § 2255 must be brought in the sentencing court. *See* § 2255(a). A § 2255 motion "'attacks the legality of detention'"; in contrast, a petition for a writ of habeas corpus under § 2241 "'attacks the execution of a sentence rather than its validity,'" *Brown v. Rivera*, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212, at *2 (D.S.C. Apr. 7, 2009) (quoting *Bradshaw v. Story*, 86 F.3d

4

164, 166 (10th Cir.1996)), and must be brought against the warden of the facility where the prisoner is being held. 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 434–35 (2004). Examples of when § 2241 has been resorted to are: challenges to the administration of parole, *Doganiere v. United States*, 914 F.2d 165, 169–70 (9th Cir. 1990), *cert. denied*, 499 U.S. 940 (1991); computation of good time or jail time credits, *McClain v. United States Bureau of Prisons*, 9 F.3d 503, 504–05 (6th Cir. 1993); prison disciplinary actions, *United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); and imprisonment allegedly beyond the expiration of a sentence, *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). Thus, the threshold question in this case is whether Petitioner's claims are cognizable under § 2241.

Although § 2255 expressly prohibits a prisoner from using § 2241 to attack the legality of his detention by challenging his conviction and sentence, § 2255 does contain a "savings clause." The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). In other words, as applied here, Petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective. *See Swain v. Pressley*, 430 U.S. 372, 381 (1977). The Fourth Circuit Court of Appeals, in *In re Jones*, 226 F.3d 328 (4th Cir.2000), set forth the test to determine whether a §2255 motion should be considered inadequate or ineffective. In order to invoke the "savings clause," a petitioner must demonstrate that: "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;

5

(2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *Jones*, 226 F.3d at 333-334.

Petitioner fails to make such a showing. The fact that Petitioner did not avail himself of the opportunity to file a motion for relief under § 2255 within the one-year period of limitation established by § 2255(f) and may now be time-barred from doing so does not mean that the potential relief of § 2255 is inadequate or ineffective; it simply means that Petitioner is not entitled to it. *See In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision.").

To trigger the savings clause of § 2255(e) and proceed under § 2241, Petitioner would have to show that something more should be considered by this Court than that authorized by § 2255, such as a retroactive change in the law as contemplated in *In re Jones*, 226 F.3d 328 (4th Cir. 2000). However, in the instant Petition, Petitioner makes no factual allegations that the conduct for which he was convicted has been deemed non-criminal such that he is "actually innocent." Petitioner simply alleges that his plea counsel was ineffective and that he wants this Court to "[ad]just [his] sentence to what it would have been without the enhancement, before the court[] imposed sentence, and by the guidelines [sic]." ECF No. 1, p. 9.

Here, Petitioner is challenging his conviction and sentence on grounds that should have been asserted in a § 2255 motion. Because Petitioner alleges that he is now barred from filing a § 2255 motion to vacate, set aside, or correct his sentence due to the one-year

6

time limitation of § 2255(f), Petitioner can only bring this § 2241 petition if he satisfies the *Jones* test, the second element of which requires that "substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." However, this statement has not been extended to include sentencing calculations made pursuant to the Sentencing Guidelines, even as to the Armed Career Criminal Act. *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence.") (citing *In re Jones*, 226 F.3d at 333–34). *See also United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes."). Thus, to the extent that the instant § 2241 Petition alleges that the sentencing court unlawfully applied the Federal Sentencing Guidelines to enhance his sentence, Petitioner fails to satisfy the requirements of the "savings clause" of § 2255(e) and *In re Jones* so as to provide this Court with jurisdiction to hear it, and it should be summarily dismissed.

**Recommendation**

Accordingly, it is recommended that the instant Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, be dismissed without prejudice and without issuance and service of process upon Respondent. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial

filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent). Petitioner's attention is directed to the important notice on the next page.

                                                               s/ Kevin F. McDonald
                                                                United States Magistrate Judge

August 8, 2011
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).