IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Emilio Bautista-Serrano, | ) | Civil Action No.: 6:11-cv-01351-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Mary Mitchell, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, a federal prisoner proceeding *pro se*, brought this suit pursuant to 28 U.S.C. § 2241. This matter is now before the court for review of the [Docket Entry 8] Report and Recommendation ("R & R") of United States Magistrate Judge Kevin F. McDonald[1] filed on August 8, 2011. In his R & R, the Magistrate Judge "recommends that the [§ 2241] Petition be summarily dismissed." R & R at 1.

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific

---

[1] This matter was referred to Magistrate Judge McDonald pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C.

error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Petitioner has not objected to the R & R. Petitioner's objections to the R & R were originally due by August 25, 2011. Upon motion by Petitioner, the undersigned granted Petitioner an extension of time until August 31, 2011, in which to file his objections. *See* Aug. 24 Text Order [Docket Entry 14]. To date, Petitioner has failed to file any objections to the R & R. Petitioner did file a second Motion for Extension of Time for filing objections; however, upon review, that request for additional time is untimely. Petitioner signed that [Docket Entry 17] Motion for Extension of Time on September 2, 2011, and the prison mailroom date-stamped the Motion upon receipt on September 3, 2011. Using either of those two dates as the filing date,[2] Petitioner's request for more time was *untimely-filed* after his objections were due on August 31, 2011, and should be denied as such.

Accordingly, in the absence of objections by Petitioner, the court has reviewed the face of the record for clear error and finds none. *See Diamond*, 416 F.3d at 315. Thus, the R & R of the Magistrate Judge is hereby adopted and incorporated by reference. Therefore, it is

**ORDERED** that Petitioner's [Docket Entry 17] Motion for Extension of Time is **DENIED**, and the instant Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, is **DISMISSED** *without prejudice* and without issuance and service of process upon Respondent.

---

[2] The court notes that it did not receive Petitioner's Motion for Extension of Time until September 8, 2011. However, Petitioner is entitled to a filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court).

**IT IS SO ORDERED.**

    s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
September 12, 2011